UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                  )
UNITED STATES OF AMERICA,                  )
                                                                  )     No. CR00-45RSL
                            Plaintiff,                        )
            v.                                                  )
                                                                  )     ORDER DENYING DEFENDANT'S
BRUCE E. DUNBAR,                                  )     MOTION FOR RETURN OF
                                                                  )     PROPERTY
                            Defendant.                    )
_____)

## I. INTRODUCTION

This matter comes before the Court on *pro se* defendant's "Motion for Return of Property Under FRCP Rule 41(g)" (Dkt. #256). In his motion, defendant requests the return of property allegedly seized during probation searches. See Dkt. #256 (Attachment A). For the reasons set forth below, the Court denies defendant's motion.

## II. DISCUSSION

On June 8 and June 21, 2006, probation officers searched defendant's residence and seized defendant's property. See Dkt. #259. Following the seizure, the government relied on some of the property as a basis for showing that defendant violated the conditions of his supervised release. Id. On June 21, 2007, the Court sentenced defendant to a thirty-six month term of imprisonment based on numerous supervised release violations, including committing the crime of unlawful possession of instruments of financial fraud, and the crime of forgery. See

ORDER DENYING DEFENDANT'S
MOTION FOR RETURN OF PROPERTY

Dkt. #238 (Judgment). Defendant has appealed the sentence. See Dkt. #239 (Notice of Appeal). Given the pending appeal, the Court finds and concludes as follows with respect to the seized property:

    A.    The following items shall be retained by the government until the appeal is decided:

        1.    "Wife's Dell Computer." This computer was used as an exhibit during the evidentiary hearing (see Dkt. ## 232, 233).

        2.    "Unrecollected [sic] brand, outdated computer."

        3.    "All other non-criminal property that was taken."

    B.    The following items shall be retained by the government because they could be used by defendant in future crimes, including identity theft or fraud:

        4.    Four 3.5" computer disks labeled "Nationwide Death Index" and two computer disks labeled "Office 2000."

        5.    "Handcuff key."

        6.    "Numerous other CD disks with various computer Operating System information."

        7.    "Corner rounder."

    C.    The following items have already been returned:

        8.    "Over 100 3.5" BLANK computer disks (most brand new.)"[1]

    D.    The following items are not in the government's possession:

        9.    "Defendant's mother's Power of Attorney."

        10.    "Defendant's mother's will."

        11.    "Defendant's Authentic Birth Certificate."

---

[1] The government retained six of the disks, as listed in B.4 above, because they could be utilized in future crimes.

ORDER DENYING DEFENDANT'S
MOTION FOR RETURN OF PROPERTY    -2-

12. "Defendant's USMC Discharge certificate."

### III. CONCLUSION

For all of the foregoing reasons, defendant's "Motion for Return of Property Under FRCP Rule 41(g)" (Dkt. #256) is DENIED.

DATED this 12th day of February, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR RETURN OF PROPERTY                -3-